# Cases

# THIRD DEPARTMENT

IN THE

## APPELLATE DIVISION,

### May, 1898.

---

THE GLENS FALLS INSURANCE COMPANY, Appellant, *v.* EDWIN B.
TEMPLE and LUTHER R. TEMPLE, Respondents.

*Guaranty of a mortgage — when an express undertaking to pay interest in one clause
is not affected by the alteration, of another clause relating to interest.*

Guarantors of a mortgage, upon being sent the contract of guaranty for execu-
tion, changed a clause of the instrument, by which the guarantors obligated
themselves to pay all that might thereafter become due, both for principal and
interest, on the mortgage exceeding $4,000, providing the mortgaged premises
proved inadequate to pay it, by adding the words " on the principal sum of
said mortgage," but did not change another clause of the guaranty providing
" that the rate of interest from and after this date shall be computed at six per
cent per annum, and shall be paid on the last day of each and every June and
December hereafter until the said principal sum shall be paid." The guarantee
retained the guaranty in its altered form without objection.

*Held*, that the obligation of the guarantors to pay the interest according to the
terms of the unaltered clause was not affected by the alteration of the first-
mentioned clause.

APPEAL by the plaintiff, The Glens Falls Insurance Company,
from a judgment of the Supreme Court in favor of the defendants,
entered in the office of the clerk of the county of Warren on the
29th day of September, 1897, upon the decision of the court rendered
after a trial at the Essex Special Term dismissing the complaint upon
the merits.

*Louis M. Brown,* for the appellant.

*J. Sanford Potter,* for the respondents.

PARKER, P. J.:

The correctness of the judgment appealed from depends upon the construction to be given to the written contract under which the plaintiff claims.  There is no dispute but that such contract was executed as a guaranty to the plaintiff for the payment of some portion of the mortgage which it was about to purchase from the National Bank of Granville.  It recites that it was executed as an inducement for such purchase.  It is also clear that the plaintiff was purchasing as an investment, and to that end the contract provides that the mortgage shall not be due until the end of three years from its date. .There is also no dispute over the amount of the principal of such mortgage which the defendants undertook to guarantee.  The 5th clause of the contract, beyond all controversy, fixes that, and it is conceded that the amount of principal which by such clause they undertook should be paid, has since been fully paid. The action is to recover an installment of interest which became due upon the mortgage, under the terms of such contract, on the 30th of June, 1896; and the first question is whether the defendants by signing such contract obligated themselves to pay the same.

When the contract was sent by the plaintiff to the bank to be executed by the defendants, the 5th clause so read that by its terms the defendants would be obligated to pay all that might thereafter become due, both for principal and interest on the mortgage, exceeding $4,000, provided the mortgaged premises proved inadequate to pay it.  The defendants, by adding thereto the words " on the principal sum of said mortgage," limited their liability thereunder to pay principal alone, and returned it to the plaintiff properly executed by them, but with such alteration in it.  It is contended that this alteration indicates that the defendants did not intend to become liable for interest; and that because the plaintiff received and retained, without objection, the contract in its altered form, it has never acquired any obligation against the defendants for the payment of the interest,

But this claim is answered by the fact that in the 2d clause of the contract there is an express undertaking on the defendants' part which makes them liable for its payment.  It reads substantially as follows:

" Edwin B. Temple and Luther R. Temple hereby covenant and agree to and with said Glens Falls Insurance Company as follows,

to wit: * * * 2nd. That the rate of interest from and after this date shall be computed at six per cent per annum, and shall be paid on the last day of each and every June and December hereafter until the said principal sum shall be paid." If that is not an express undertaking on the part of the defendants to the plaintiff that the interest should be paid on the last of June and December in each year, it is difficult to conceive language that would be. In my opinion there is here no ambiguity nor necessity for construction. The phrase construes itself; and, in case default is made in the payment of any such installment, an action lies against the defendants upon such undertaking for the amount.

It is vigorously urged by defendants' counsel that the defendants did not so understand it, and that the plaintiff did not so intend it. Surely there is nothing in the language itself to warrant such a conclusion. Neither does the fact that plaintiff sent the instrument to be executed with the 5th clause so phrased that it would include the payment of interest, indicate that it did not intend the 2d clause as an undertaking to pay it. It cannot be doubted but that the plaintiff desired and expected to be paid interest on the mortgage semi-annually, and there is no provision whatever in the 5th clause that would secure to it such payment. If that were their only undertaking, the defendants would not have been liable for any of the interest until the expiration of three years, when the whole amount became due, and then only after an attempt to collect from the mortgaged premises had failed. Clearly such a mode of paying interest was not at all what the plaintiff desired, and hence we should not infer that this was the only clause by which it intended to secure interest. Nor can we in the face of the plain provision of the 2d clause which the defendants left unchanged, fairly infer that they did not intend to be liable for interest. There is no room for doubt as to the necessity of that clause. The defendants made no change therein, and the plaintiff had the right to infer that it stood in full force according to its plain meaning and import.

It will not do to claim that the scheme was that plaintiff should take the land as security for $4,000 of the principal and all interest accruing thereon, and that the defendants should be sureties only for collection of the additional $400 of principal then unpaid, because the clear meaning of the written contract is the other way.

The trial court dismissed the complaint on the ground that no recovery whatever could be had against the defendants until it had been determined by foreclosure whether the premises would pay the amount due.   Evidently that conclusion is based upon the theory that no obligation is incurred by the defendants except such as is created by the 5th clause.   The obligation created by the 2d clause has no such limitation connected with it.   It is a direct undertaking that payment shall be made every six months, and their liability accrues as soon as default in such payment is made.

These conclusions require a reversal of the judgment rendered.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.